RECEIVED
JAN 20 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| SUZANNE HAMMOND, on behalf of the Estate of her daughter, LATOUSHA TILLMAN, and on behalf of the minor child, LADAIZYA D. TILLMAN | § | 3:06cv101 JUDGE JAMES MAG. JUDGE HORNSBY |
| VERSUS | § | JUDGE _____ |
| ST. FRANCIS MEDICAL CENTER, INC. and FRANCISCAN MISSIONARIES OF OUR LADY HEALTH SYSTEM, INC. | § | MAJ. JUDGE _____ |

## ORIGINAL COMPLAINT FOR DAMAGES

The petition of Suzanne Hammond on behalf of the minor Ladaizya D. Tillman and the Estate of Latousha Tillman, domiciled in Ouachita Parish, Louisiana respectfully represents that:

1.

Made Defendants herein are:

1. St. Francis Medical Center, Inc., a Louisiana health care corporation/hospital doing business at 309 Jackson Street, Monroe, Louisiana 71201, who may be served through its registered agent for service of process, K. Scott Wester, 309 Jackson Street, Monroe, Louisiana 71201.

2. Franciscan Missionaries of Our Lady Health System, Inc., a Louisiana health care corporation doing business at 4200 Essen Lane, Baton Rouge, Louisiana 70809, who may be served through its registered agent for service of process, John J. Finan, Jr., 4200 Essen Lane, Baton Rouge, Louisiana 70809.

2.

The jurisdiction of this Court is invoked under 42 U.S.C. 1395(d)(d), the Emergency Medical Treatment and Active Labor Act, hereinafter EMTALA and federal question jurisdiction.

3.

Defendant, St. Francis Medical Center, Inc., member of Franciscan Missionaries of Our Lady Health System, Inc., is a hospital doing business at 309 Jackson Street, Monroe, Louisiana which is a hospital within the meaning of EMTALA.

4.

On March 31, 2004, at 2335, Latousha Tillman was a pregnant 25 year old black female who presented to the Emergency Room of St. Francis Medical Center for care and treatment of herself and her baby in utero. Her complaints included not being able to hold any food down, nausea, vomiting, dizziness, weight loss, pain, changes in mentation, and weakness with a diagnosis of pancreatitis.

5.

According to the records of Latousha Tillman, laboratory studies revealed she was suffering from acute renal failure due to dehydration, pancreatic failure and liver failure.

6.

She was seen by nursing staff who assessed her baby to have fetal heart tones (FHT's) in the 140's. There is no indication that appropriate medical services, evaluations, and/or medical screening was rendered to the patient and her baby to assure that within reasonable medical probability, no material deterioration of their condition would occur.

7.

Latousha Tillman was in need of emergent care and treatment to stabilize her and her baby's life threatening condition and sought care from St. Francis Medical Center, the high risk Level III OB center in her region.

8.

Dr. Sharon K. Joiner, the emergency room physician, was contacted concerning Latousha's acute complaints, condition, and pancreatitis. At 0300, Dr. Joiner ordered Ms. Tillman to be transferred to LSU E. A. Conway, despite her and her baby's unstable condition. She was to be transferred to the labor and delivery unit at LSUHSC-Monroe, E. A. Conway, the local charity hospital.

9.

On April 1, 2004, at 0300, Latousha Tillman was transferred to Louisiana State University E. A. Conway hospital in Monroe via ambulance. Dr. Joiner advised the ambulance service the hospital was full at St. Francis. The transfer form is not signed by any physician as having discussed with Latousha Tillman the risks associated with this transfer, and no informed consent was obtained.

10.

St. Francis discharged Latousha Tillman and her baby without adequate evaluation, screening or stabilization for safe transfer to an adequate and appropriate facility to meet her emergent needs, including severe intravolume depletion.

11.

Upon arrival at LSU E. A. Conway, it was discovered that Latousha Tillman's unborn baby was dead.

12.

In addition to the death of her baby, the mother, Latousha Tillman, suffered an amniotic embolus causing her to suffer permanent brain injury.

13.

Latousha Tillman was transferred to Glenwood Regional Medical Center for further treatment from LSUHSC Monroe E. A. Conway. However, despite treatment, it was too late to repair the damage she had suffered to her brain. Latousha Tillman remained in a permanent vegetative state until her eventual death.

14.

Mrs. Tillman was transferred from Glenwood to Meadowview Nursing and Rehabilitation Center wherein she suffered numerous complications and developed pneumonia which eventually led to her death on January 24, 2005.

15.

Plaintiff asserts that Latousha Tillman was made to suffer a lingering and excruciating death due to the EMTALA violations and/or due to the malpractice of defendants' emergency room personnel and physicians as herein alleged. Plaintiff is, thus, entitled to assert an action for pain, suffering, loss of earning capacity and anguish experienced by Latousha Tillman prior to her death, along with wrongful death damages of loss of love, affection, nurture, support and consortium caused by defendants.

16.

The failure to provide emergency treatment, care, and meaningful transfer directly caused the death of Latousha Tillman's baby and the pain and suffering experienced by Latousha Tillman and proximately caused Latousha Tillman's death.

17.

Suzanne Hammond, on behalf of the sole minor child of Latousha Tillman, Ladaizya D. Tillman, brings this action and is entitled to all damages that may be appropriate under

the laws of negligence La.C.C. 2315 and under the violation of EMTALA resulting in the death of her daughter, Latousha Tillman.

18.

Further, Ladaizya D. Tillman, is entitled to all damages that are appropriate under the law for the wrongful death, survival, and loss of chance of survival of her mother Latousha Tillman, by these violations of the standards of care and EMTALA rules.

19.

Suzanne Hammond, on behalf of the sole minor child, Ladaizya Tillman, further asserts her state law claims pursuant to L.S.A. R.S. 40:2113.4 and 40:2113.6 for the wrongful death of her daughter, in that Latousha Tillman was denied care due to her means of payment and race.

20.

Further, as to claims of malpractice, on knowledge information and belief, plaintiff asserts that additional persons may be impleaded herein after the requirements of the Louisiana Medical Malpractice law, LSA.-R.S. 40:1299.41, et seq. have been complied with.

21.

Plaintiff seeks all damages allowable under the laws of malpractice, EMTALA and LSA-R.S. 40:2113.6, including those of wrongful death, survival, loss of support, pain, suffering, medical costs, mental anguish, fear of death, psychological injuries, and all other damages that may be shown.

WHEREFORE, it is prayed that after all due proceedings had, there be judgment rendered in favor of Suzanne Hammond, on behalf of the minor child, Ladaizya Tillman,

against defendants, Franciscan Missionaries of Our Lady Health System, Inc. and St. Francis Medical Center, Inc. for all damages as may be appropriate under 42 U.S.C. 1395(d)(d), La.R.S. 40:2113.6, wrongful death, survival, and all costs of these proceedings including expert fees, together with all legal interest from the date of judicial demand until paid, plus all reasonable attorney fees.

            Respectfully submitted,

            LAW OFFICES OF GEORGIA P. KOSMITIS
            Attorneys for Plaintiff

BY: _____
            Georgia P. Kosmitis, #19355
            Attorney at Law
            3316 Line Avenue
            Shreveport, Louisiana 71104
            (318) 865-9800 telephone
            (318) 865-0809 telecopier
            Email: giak@kosmitis.com

**PLEASE SERVE:**

**St. Francis Medical Center, Inc.**
**through its registered agent for service of process,**
**K. Scott Wester**
**309 Jackson Street**
**Monroe, Louisiana 71201**

**Franciscan Missionaries of Our Lady Health System, Inc.**
**through its registered agent for service of process,**
**John J. Finan, Jr.**
**4200 Essen Lane**
**Baton Rouge, Louisiana 70809**