UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| SUZANNE HAMMOND, ET AL. | CIVIL ACTION NO. 3:06-101 |
| versus | JUDGE JAMES |
| ST. FRANCIS MEDICAL CENTER, ET AL. | MAGISTRATE JUDGE HORNSBY |

## **REPORT AND RECOMMENDATION**

The complaint in this civil action alleges that LaTousha Tillman sought treatment in the emergency room of St. Francis Medical Center for care and treatment of herself and her unborn child. Complaint, ¶ 4. The emergency room physician allegedly ordered Ms. Tillman to be transferred to LSU-E. A. Conway Hospital where, upon arrival, it was discovered that Ms. Tillman's unborn child was dead. ¶¶ 8-11. Ms. Tillman herself suffered an amniotic embolus that caused permanent brain injury and, several months later, her death. ¶¶ 12-14. Suzanne Hammond ("Plaintiff") on behalf of Ms. Tillman's minor child, asserts claims under the Emergency Medical Treatment and Active Labor Act ("EMTALA") and Louisiana law.

The named defendants are St. Francis Medical Center, Inc. and Franciscan Missionaries of Our Lady Health System, Inc. Plaintiff alleges in Paragraph 3 of her complaint that "St. Francis Medical Center, Inc., member of Franciscan Missionaries of Our Lady Health System, Inc., is a hospital doing business" in Monroe. Before the court is a Motion to Dismiss (Doc. 6) filed by Franciscan Missionaries of Our Lady Health System, Inc. ("FMOLHS").

FMOLHS urges that Plaintiff's description of FMOLHS in Paragraph 3 of the complaint is incorrect and that, in reality, FMOLHS is a member of St. Francis Medical Center, Inc., which is a non-profit Louisiana corporation. Among the Louisiana statutes governing non-profit corporations is La. R.S. 12:219(A), which provides: "A member of a corporation shall not be liable personally for any obligation of the corporation." See also Jones v. Briley, 593 So.2d 391, 394 (La. App. 1st Cir. 1991) ("The statutes and jurisprudence are clear that shareholders or members in either profit or non-profit corporations are not responsible for the debts of the corporation.").

FMOLHS points out that all of the allegations about the care received by Ms. Tillman assert that the events happened at the St. Francis Medical Center. FMOLHS is not mentioned in the complaint other than when it is named as a defendant, when it is described in Paragraph 3 and in the prayer. FMOLHS's attack on the accuracy of the allegation in Paragraph 3 is backed by copies of the articles of incorporation of St. Francis Medical Center, Inc. that are on file with the Louisiana Secretary of State. Those records establish that the sole member of that corporation is FMOLHS. The Fifth Circuit permits reference to matters of public record when a court is deciding a Rule 12(b)(6) motion to dismiss. Financial Acquisition Partners, L.P. v. Blackwell, 440 F.3d 278, 286 (5th Cir. 2006); Davis v. Bayless, 70 F.3d 367, 372 n. 3 (5th Cir. 1995).

Plaintiff, who is represented by counsel, has not filed any timely response to the motion. The materials submitted by FMOLHS which indicate that the corporate structure is

not as alleged in Paragraph 3 and that FMOLHS is merely a member that is not subject to personal liability, together with the lack of timely opposition, show that the motion to dismiss should be granted. To the extent that Plaintiff might complain of prejudice stemming from the court's consideration of extra-complaint materials (albeit public records) in connection with a Rule 12(b)(6) motion, she will have the ten-day objection period following this report and recommendation to submit any competent evidence that she has that contests the assertions in the motion. This notice and the ten-day period [equal to that required by Fed. R. Civ. P. 56(c)] will cure any deficiencies in assessing this motion under Rule 12(b)(6) rather than Rule 56.

FMOLHS also raises a prescription argument with respect to some claims, but those issues need not be addressed in light of the recommendation that all claims against the FMOLHS be dismissed.

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 6)** filed by Franciscan Missionaries of Our Lady Health System, Inc. be **granted** and that all claims against the movant be **DISMISSED** for failure to state a claim upon which relief may be granted.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 21st day of April, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge James