

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| SUZANNE HAMMOND, ON BEHALF OF THE ESTATE OF HER DAUGHTER, LATOUSHA TILLMAN, AND ON BEHALF OF THE MINOR CHILD, LADAIZYA D. TILLMAN | : | DOCKET NO. 3:06-0101 |
| VS. | : | JUDGE TRIMBLE |
| ST. FRANCIS MEDICAL CENTER, INC. AND FRANCISCAN MISSIONARIES OF OUR LADY HEALTH SYSTEM, INC. | : | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment on Behalf of Dr. Sharon K. Joiner" (R. #57) wherein defendant Dr. Sharon K. Joiner, moves to have the claims asserted against her dismissed pursuant to Rule 56 of the Federal Rules of Civil Procedure. The bases for Dr. Joiner's motion are as follows: (1) the claims for survival action on behalf of LaTousha Tillman and the wrongful death of Ms. Tillman's stillborn child are prescribed, (2) plaintiffs' claims against Dr. Joiner regarding "patient dumping" pursuant to the federal statute, Emergency Medical Treatment Active Labor Act ("EMTALA"), 42 U.S.C.A. § 1395dd and Louisiana Revised Statute 40:2113.4 et seq., can only be brought against a participating hospital, not a physician, and (3) the claim for wrongful death of Ms. Tillman is prescribed pursuant to Louisiana substantive law. Plaintiffs have filed no opposition to the motion, and the time for filing a response has lapsed.

## FACTUAL STATEMENT

On or about March 31, 2004, Latousha Tillman, a 25 year old pregnant female presented

herself to the Emergency Room of St. Francis Medical Center ("St. Francis")[1] complaining that she could not hold down food, suffered from nausea, vomiting, dizziness, weight loss, pain, changes in mentation and weakness. Lab studies reveal that she was suffering from acute renal failure due to dehydration, pancreatic failure and liver failure.

The following day, April 1, 2004, Ms. Tillman was transferred from St. Francis to E.A. Conway Medical Center. That same day, it was determined that the fetus was not viable. On April 4, 2004, Ms. Tillman delivered the stillborn fetus.

On April 5, 2004, as a result of an amniotic embolus, Ms. Tillman suffered a form of anoxic brain injury which caused her to be ventilator dependent, and eventually led to her death on January 24, 2005.

## PROCEDURAL HISTORY

Plaintiffs filed a Request for the Formation of a Medical Review Panel pursuant to Louisiana Revised Statute 40:1299.47 against St. Francis and Dr. Sharon K. Joiner on January 20, 2006.[2] Plaintiffs alleged that St. Francis Medical Center and Dr. Joiner breached the standard of care in their care and treatment of Ms. Tillman on March 31, 2004. Also, on that same date the instant lawsuit was filed against St. Francis and Franciscan Missionaries of Our Lady Health System ("Fransiscan Missionaries") alleging EMTALA violations. Dr. Joiner was not named a defendant in the original complaint. Franciscan Missionaries was subsequently dismissed from the suit on June 15, 2006

---

[1] Defendant, St. Francis, is a hospital withing the meaning of EMTALA in Monroe, Louisiana.

[2] Defendant's exhibit A.

2

pursuant to a report and recommendation and Judgment.[3]

On October 8, 2008, Dr. Joiner filed in the Fourth Judicial District Court, Ouachita Parish, an exception of prescription.[4] The exception argued that (1) there is no survival action for a stillborn child, (2) any wrongful death action for the stillborn child was prescribed, and (3) any survival action acquired by Ms. Tillman and subsequently transferred to her heirs upon her death was prescribed.

On July 29, 2009, a Medical Review Panel convened and rendered an opinion concluding that neither St. Francis nor Dr. Joiner breached the standard of care.[5] On September 1, 2009, the State District Court granted Dr. Joiner's exception of prescription.[6] Plaintiff appealed the ruling to the Second Circuit Court of Appeal on September 25, 2009.[7]

On December 3, 2009, plaintiff amended the complaint in the instant suit adding Dr. Joiner as a defendant and asserting state law medical malpractice claims.[8] On June 2, 2010, the Second Circuit affirmed the State District Court's ruling which dismissed (1) the survival action on behalf of LaTousha Tillman, and (2) all claims of wrongful death of the stillborn infant.[9]

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable

---

[3] R. #12 and 16.

[4] Defendant's exhibit C.

[5] Defendant's exhibit B.

[6] Defendant's exhibit D.

[7] Defendant's exhibit E.

[8] R. #49; served on March 16, 2010, R. #54.

[9] Defendant's exhibit F.

to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[10] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[11]  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[12] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[13] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[14] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[15] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[16] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[17]

---

[10]  Fed. R.Civ. P. 56(c).

[11]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[12]  Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[13]  Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[14]  Anderson, 477 U.S. at 249.

[15]  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[16]  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[17]  Anderson, 477 U.S. at 249-50.

## LAW AND ANALYSIS

In her motion for summary judgment, Dr. Joiner maintains that (1) plaintiff's wrongful death action arising from the stillbirth of the child and the survival action on behalf of Ms. Tillman are barred by res judicata, (2) plaintiff's claims under EMTALA, 42 U.S.C.A. § 1395dd, and the Louisiana statutory counterpart, Louisiana Revised Statute 40:2113.4 et seq. apply only to hospitals and not Dr. Joiner, a physician, (3) plaintiff's wrongful death action arising from the death of Ms. Tillman is prescribed under Louisiana law.

*Wrongful death action of the child and survival action on behalf of Latousha Tillman*

Dr. Joiner asserts that the Second Circuit ruling affirming the trial court's ruling that the wrongful death action arising from the stillbirth of the child and the survival action on behalf of Ms. Tillman were prescribed, has a preclusive effect which bars said claims in this court.

Under the full faith and credit statute, the federal court must refer to the preclusion law of the state in which the judgment was rendered.[18] Pursuant to Louisiana Revised Statute 13:4321, a second action is precluded by *res judicata* when all of the following are satisfied: (1) the judgment is valid, (2) the judgment is final, (3) the parties are the same, (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation, and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.[19]

Dr. Joiner maintains that the issue of prescription regarding the child's wrongful death and

---

[18] St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425 (5th Cir. 2000).

[19] Burguieres v. Pollinque, 843 So.2d 1049 (La. 2003); Jones v. Bethard, 900 So.2d 1081 (La.App.2d Cir. 2005).

Ms. Tillman's survival action was litigated with finality in state court. The Supreme Court has stated that "[t]he preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which provides that state judicial proceedings 'shall have the same full faith and credit in every court in the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken.'"[20] Hence, Dr. Joiner argues that *res judicata* would bar the relitigation of these issues and because of the full faith and credit statute, plaintiffs are precluded from relitigating them in the instant lawsuit. The court agrees and concludes that the wrongful death action of the stillborn child and the survival action on behalf of Ms. Tillman are barred and will be dismissed.

*EMTALA, 42 U.S.C.A. § 1395dd and Louisiana Revised Statute 40:2113.4 et seq.*

Dr. Joiner maintains that because 42 U.S.C.A. § 1395dd and Louisiana Revised Statute 40:2113.4 et seq. do not apply to physicians, any claims made against Dr. Joiner under these statutes must be dismissed. These two statutes prohibit "dumping" of patients based on the lack of insurance or finances to pay a hospital bill. However, as correctly noted by Dr. Joiner, the duty imposed by both EMTALA and the Louisiana statutory counterpart imposes statutory obligations on participating hospitals, not physicians.[21] Accordingly, the claims made by Plaintiffs against Dr. Joiner regarding both the state and federal dumping statutes will be dismissed.

---

[20] Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 105 S.Ct. 1327 (1985) (quoting 28 U.S.C. § 1738).

[21] See Coleman v. Deno, 813 So.2d 303 (La. 2002); Spradlin v. Acadia-St. Landry Medical Foundation, 758 So.2d 116, 117 (La. 2000); Eberhardt v. City of Los Angeles, 62 F.3d 1253 (9th Cir. 1995).

*Wrongful death action on behalf of Latousha Tillman*

Dr. Joiner maintains that the only remaining cause of action made against her, wrongful death, is prescribed under Louisiana Revised Statute 9:5628(A) which provides in pertinent part the following:

> No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the law of this state, . . . (A) whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect. . . .

Dr. Joiner also relies on Louisiana Revised Statute 40:1299.41(G) and 40:1299.47(A)(2)(a) as to the suspension of the running of prescription. Louisiana Revised State 1299.41(G) provides:

> . . . that running of prescription against a healthcare provider who is answerable in solido with a qualified healthcare provider against whom a claim has been filed for review under this part shall be suspended in accordance with the provisions of R.S. 40:1299.47(A)(2)(a).

Louisiana Revised Statute 40:1299.47(A)(2)(a) provides that:

> [t]he filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this part, until 90 days following notification, by certified mail, as provided in Section J of this section to the claimant or his attorney of the issuance of the opinion by the Medical Review Panel, in the case of those healthcare providers covered by this part, . . . . The filing of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligors, and all joint tortfeasors, including but not limited to healthcare providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject for the request for review. . .

Dr. Joiner submits that pursuant to LSA-R.S. 40:1299.47(A)(2)(a), the filing of a Request

7

for a Medical Review Panel suspends the prescriptive period until 90 days following notification, by certified mail, of the panel's opinion, and said filing suspends prescription against all joint and solidary obligors, and all joint tortfeasors. Dr. Joiner notes that the more specific provision of the Medical Malpractice Act regarding suspension of prescription against joint tortfeasors applies to the exclusion of general code articles on interruption of prescription, in particular, Louisiana Civil Code article 23:24(C).[22] Therefore, a suit against a healthcare provider which is filed beyond the time period designated by LSA-R.S. 40:1299.47(A)(2)(a) is barred by prescription.[23]

Dr. Joiner asserts that the alleged act of malpractice occurred on March 31, 2004; Ms. Tillman died on January 24, 2005. The Request for a Medical Review Panel was filed on January 20, 2006. A claim for wrongful death under Louisiana law must be brought within one (1) year of the date of death; the request for a Medical review Panel was filed just four (4) days before the one (1) year prescriptive period.

On July 29, 2009, the Medical Review Panel rendered its opinion, a copy of which was mailed to all counsel of record on July 30, 2009. Thus, under the Louisiana Medical Malpractice Action, the suspension of prescription ended on July 30, 2009. Plaintiff had 90 days plus the remainder of the one-year prescriptive period or 94 days within which to file a separate lawsuit or amend the above captioned matter to name Dr. Joiner as a defendant. Dr. Joiner submits that plaintiffs' prescriptive date was November 2, 2009 (94 days from July 30, 2009). Hence, plaintiffs' supplemental and amending complaint naming Dr. Joiner as a defendant, filed December 3, 2009 is beyond the prescriptive date. Dr. Joiner maintains that plaintiffs' claim of wrongful death of Ms.

---

[22] Borel v. Dr. Clinton Young, 989 So.2d 42, 68 (La. 2007).

[23] Id.

Tillman is prescribed.

Plaintiff has filed no summary judgment evidence or arguments to dispute Dr. Joiner's defense of prescription as to the wrongful death action. Accordingly, based on the evidence and law submitted by Dr. Joiner, there is no genuine issue of material fact for trial and the court will dismiss plaintiff's wrongful death action on behalf of Latousha Tillman against this defendant.

## CONCLUSION

Based on the foregoing, the motion for summary judgment will be granted dismissing with prejudice, plaintiffs' wrongful death and survival action on behalf of Latousha Tillman, plaintiffs' wrongful death action arising from the stillbirth of the child, and the claims pursuant to the Federal EMTALA statute, 42 U.S.C.A. § 1395dd and Louisiana Revised Statute 40:2113.4 et seq.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 4th day of November, 2010.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE