RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/19/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| SUZANNE HAMMOND, ON BEHALF OF THE ESTATE OF HER DAUGHTER, LATOUSHA TILLMAN, AND ON BEHALF OF THE MINOR CHILD, LADAIZYA D. TILLMAN | DOCKET NO. 3:06-cv-0101 |
| VERSUS | MAGISTRATE JUDGE JAMES D. KIRK |
| ST. FRANCIS MEDICAL CENTER, INC. | |

MEMORANDUM RULING

Before the court is a partial motion for summary judgment filed by St. Francis Medical Center, Inc. ("St. Francis") seeking dismissal of all state law claims, with the exception of the wrongful death of Latousha Tillman, on the basis of prescription.

PROCEDURAL HISTORY

On January 20, 2006, plaintiffs, Suzanne Hammond ("Hammond"), on behalf of the estate of her daughter, Latousha Tillman ("Tillman"), and on behalf of Tillman's minor child, Ladaizya D. Tillman, filed a Request for the Formation of a Medical Review Panel pursuant to Louisiana Revised Statute 40:1299.47 against St. Francis Medical Center Inc. ("St. Francis") and Dr. Sharon K. Joiner ("Dr. Joiner"). Plaintiffs alleged that St. Francis and Dr. Joiner breached the standard of care with regard to the care and treatment of Tillman on March 31, 2004 and April 1, 2004.

Plaintiffs also filed the instant lawsuit against St. Francis

and Franciscan Missionaries of Our Lady of Heath System ("Franciscan Missionaries") on January 20, 2006, alleging violations of the Federal Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. 1395dd, as well as state law claims for medical malpractice, wrongful death and survival action (Doc. 1).

On March 9, 2006, Franciscan Missionaries filed a motion to dismiss all claims against it (Doc. 6). On June 16, 2006, Judge James adopted the April 21, 2006 Report and Recommendation thereby dismissing all claims against Franciscan Missionaries (Doc. 12, 16).

Plaintiffs also brought a survival action on behalf of her daughter and a wrongful death action on behalf of the stillborn fetus in the Fourth Judicial District Court ("4th JDC"). Plaintiffs alleged negligent care and treatment by St. Francis and Dr. Joiner. On October 8, 2008, Dr. Joiner filed an exception of prescription in that case arguing that (1) there was no survival action for a stillborn child, (2) any wrongful death action for the stillborn child was prescribed and (3) any survival action acquired by Tillman and subsequently transferred to her heirs upon her death was prescribed.

On July 29, 2009, a Medical Review Panel convened and rendered an opinion concluding neither St. Francis nor Dr. Joiner breached the standard of care (Doc. 57-5).

2

On September 1, 2009, the 4th JDC granted Dr. Joiner's exception of prescription and dismissed the survival action with regard to Tillman and wrongful death action with regard to the fetus. Plaintiffs appealed the trial court's ruling to the Second Circuit Court of Appeal on September 25, 2009 (Doc. 57-7 and 57-8).

On December 3, 2009, plaintiff amended the complaint in the instant suit to add Dr. Joiner as a defendant and asserted state law medical malpractice claims (Doc. 49).

On June 2, 2010, the Second Circuit affirmed the 4th JDC's ruling which dismissed the survival action with regard to Tillman and wrongful death action with regard to her fetus because they were prescribed. Hammond v. St. Francis Medical Center, Inc., 38 So.3d 1270 (2nd Cir. 2010).

On September 30, 2010, Dr. Joiner filed a motion for summary judgment (Doc. 57) in this court in which she sought dismissal of the wrongful death and survival action on behalf of Ms. Tillman, the wrongful death action arising from the stillbirth of the child and all claims filed pursuant to the Federal EMTALA statute, 42 U.S.C.A. §1395dd and Louisiana Revised Statute 40:213.4 et seq. This court granted Dr. Joiner's motion for summary judgment on November 4, 2010, thereby dismissing all of plaintiffs' claims against her with prejudice (Doc. 60).

On June 15, 2011, St. Francis filed this partial motion for summary judgment (Doc. 66) seeking dismissal of plaintiffs' state

3

law claims, with the exception of the wrongful death of Tillman, based upon prescription. Plaintiffs filed a response on June 9, 2011 and St. Francis filed a reply thereto on July 15, 2011 (Doc. 68, 69). These motions are currently before the undersigned for ruling.

## FACTUAL STATEMENT

On or about March 31, 2004, Latousha Tillman, a 25 year old pregnant female presented herself to the Emergency Room of St. Francis Medical Center complaining that she could not hold down food, suffered from nausea, vomiting, dizziness, weight loss, pain, changes in mentation and weakness. Lab studies revealed that she was suffering from acute renal failure due to dehydration, pancreatic failure and liver failure.

The following day, April 1, 2004, Tillman was transferred from St. Francis to E.A. Conway Medical Center. That same day, it was determined that the fetus she carried was no longer viable. On April 4, 2004, Tillman delivered the stillborn fetus.

On April 5, 2004, as a result of an amniotic embolus, Tillman suffered a form of anoxic brain injury which caused her to be ventilator dependent and eventually led to her death on January 24, 2005.

## LAW AND ANALYSIS

### Wrongful Death of the Fetus

The prescriptive period within which to bring a wrongful death

4

action is set forth in Civil Code Article 3492:

> Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage.

While plaintiffs argue that they did not have knowledge of the wrongful death action regarding the fetus prior to November 2005, knowledge is not a factor to be considered. In a wrongful death action, the commencement of the prescriptive period is certain. It is the date of death and in this case, the death of the fetus was April 1, 2004. Accordingly, any wrongful death action based upon that death had to be filed by April 1, 2005. Having not filed this claim until January 20, 2006, it is prescribed and should be dismissed.

Survival Action and Medical Malpractice

Louisiana Revised Statute 9:5628 sets for the prescriptive period for medical malpractice and survival actions stemming therefrom. It provides in pertinent part:

> No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.4(A), whether based upon tort or breach of contract, or otherwise, arising out of patient care shall be brought **unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect....**

5

(Emphasis added).

The act, omission or neglect in this case occurred no later than April 1, 2004 as that was the last day Tillman was in the care of St. Francis. However, in Hammond's sworn affidavit, she states she did not discover a malpractice action existed against St. Francis until November of 2005 when she hired her current attorney.

"Actual knowledge is not required; constructive notice, or adequate information that would incite curiosity or attention in a reasonable person is sufficient to alert a person that he may have a claim or inquiry." Ford v. Rapides Healthcare System, L.L.C., 957 So.2d 258 (La.App. 3 Cir. 2007), citing Anderson v. Beauregard Mem'l Hosp., 709 So.2d 283 (La.App. 3 Cir. 1998); LeCompte v. State of LA-Dept. of Health and Human Res.-South La. Med. Ctr., 723 So.2d 474 (La.App. 1 Cir. 1998). Evidence submitted by St. Francis, specifically an Authorization for Release of Protected Health Information ("the release"), shows that Hammond was on notice of a medical malpractice claim as early as July 2004 (Doc. 69-1). The release, which was signed by Hammond and witnessed by her attorney at the time, W. Mark McKee ("McKee"), sought Tillman's medical records from LSU Medical Center. That release also provided that the documents were to be sent to McKee.

While plaintiffs seem to hang their hat on discovering that a claim existed against St. Francis, it is the determination that a cause of action exists, not the determination of who should be

named as a defendant. <u>Jordan v. Employee Transfer Corp.</u>, 509 So.2d 420, 423 (La. 1987)("A plaintiff will be responsible to seek out those whom he believes may be responsible for a specific injury. When prescription begins to run depends on the reasonableness of a plaintiff's action or inaction."). Thus, plaintiffs had a duty to determine who was responsible for Tillman's wrongful death once they realized a cause of action existed.

The state courts found prescription began to fun on April 1, 2004. The evidence does not support a finding that prescription began to run in November 2005 as plaintiffs suggest. As of July of 2004, Hammond had consulted an attorney and took steps toward filing suit by signing the release for her daughter's medical records. It is unknown why the release was not sent to LSU Medical Center prior to March 2005 (Doc. 69-1) nor why St. Francis was not named as a defendant when the request for a medical review panel was made on April 1, 2005.[1] However, these delays and/or inactions demonstrate that reasonable diligence was not exercised. When willful, negligent or unreasonable actions for failing to timely file one's complaint exist, no exception to prescription can be found.

Accordingly, plaintiffs' medical malpractice and survival action should be dismissed with prejudice.

---

[1] See <u>Hammond v. St. Francis Medical Center, Inc.</u>, 38 So.3d 1270, 1276 (La.App. 2nd Cir. 2010).

CONCLUSION

Based on the foregoing, St. Francis' partial motion for summary judgment will be granted dismissing with prejudice, all state court claims, with the exception of the wrongful death claims relating to Latousha Tillman.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana this 19th day of August, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE